UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

KATHRYN BAKKE,

            Plaintiff,            Civil Action No.:

vs.

ABC CORPORATION a/k/a K & M GROUP a/k/a
KM & ASSOCIATES, and CORBIN ROMANO,

            Defendants.
_____

COMPLAINT WITH DEMAND FOR JURY TRIAL

The Plaintiff sues the Defendants for damages, injunctive relief, and a declaratory judgment and alleges:

1.    Plaintiff is a resident of Hennepin County, Minnesota

2.    Defendant ABC Corporation a/k/a K & M GROUP a/k/a KM & ASSOCIATES (hereinafter "K & M") is a corporation or other entity that holds itself out as both "K & M Group" and "KM & Associates", and engages in the business of collecting consumer debts.

3.    K & M uses an address of 1000 Bristol Street North, Newport Beach, CA 92660.

4.    There are no entities registered with the California or Minnesota secretaries of state as "K & M Group" or "KM & Associates".

5.    Defendant Corbin Romano is an individual that holds himself out as an employee of K & M.

6.    Both Defendants engage in the business of consumer debt collection in the state of Minnesota without being licensed to do so by the Minnesota Department of Commerce.

## JURISDICTION AND VENUE

7. Plaintiff brings claims against the Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

8. This action seeks to recover actual damages pursuant to 15 U.S.C. §1692k (a)(1); additional damages in "the case of any action by an individual" pursuant to 15 U.S.C. §1692k (a)(2)(A); "such amount as the court may allow…" as well as costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and any other relief to which the Plaintiff may be entitled.

9. This Court has jurisdiction over the Plaintiff's FDCPA claim pursuant to 15 U.S.C. 1692k (d). Section 1692k (d) of the FDCPA provides that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States District Court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

## PARTIES

10. Plaintiff is a consumer, as defined by the FDCPA at 15 U.S.C. 1692a.

11. Both Defendants are debt collectors, as defined by the FDCPA at 15 U.S.C. 1692a, that conduct business within the state of Minnesota.

## COLLECTION ACTIONS BY THE DEFENDANTS

12. During November 2014, the Defendants attempted to collect from Plaintiff an alleged debt for an unpaid consumer credit account.

13. During the course of their attempt to collect the debt, the Defendants communicated details of the Plaintiff's account with the Plaintiff's husband without the Plaintiff's authorization.

14. During the course of their attempt to collect the debt, the Defendants communicated details of the Plaintiff's account with the Plaintiff's son without the Plaintiff's authorization.

15. During the course of their attempt to collect the debt, an agent or employee of the Defendants stated that he was a courier that had "sealed legal documents" that he had been attempting to deliver to the Plaintiff.

16. No attempt to deliver "sealed legal documents" to the Plaintiff had been attempted when the statement described in paragraph 15 was made.

17. No "sealed legal documents" to be delivered to the Plaintiff existed when the statement described in paragraph 15 was made.

18. The Defendants did not provide Plaintiff within five days after the initial communication with a written notice containing the amount of the debt, the name of the creditor, and the statements required by the FDCPA.

19. Upon information and belief, the Defendants do not have actual authority to collect a debt from the Plaintiff.

VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. The Defendants' actions described *supra* violated *inter alia* the FDCPA's prohibition against communication with third parties. (15 U.S.C. 1692c)

21. The Defendants' actions described *supra* violated *inter alia* the FDCPA's prohibition against the threat to take any action that cannot legally be taken, against the use of any false representation or deceptive means to attempt to collect a debt, against the failure to disclose in the initial communication that it was attempting to collect a debt and any information would obtained would be used for that purpose, against the false representation or implication

that documents are legal process, and against the use of any business name other than the true name of the debt collector's business. (15 U.S.C. 1692e).

22.     The Defendants' actions described *supra* violated *inter alia* the FDCPA's prohibition against the collection of any amount not owed legally. (15 U.S.C. 1692f).

23.     The Defendants' actions described *supra* violated *inter alia* the FDCPA's oral and written notice requirements. (15 U.S.C. 1692g).

DEMAND FOR JURY TRIAL

24.     Plaintiff requests trial by jury.

WHEREFORE the Plaintiff respectfully requests judgment against each Defendant for statutory damages under the FDCPA of $1,000.00 per each Defendants' violation, plus actual damages and exemplary damages for damages resulting from each Defendant's violations of the FDCPA, plus pre-judgment and post-judgment interest, attorneys' fees, costs and disbursements, plus any additional relief that the Court deems just and proper.

**KIRSCHER LAW FIRM, PA**

Dated: November 26, 2014.          By:     s/ Bradley Kirscher                .
                                          Bradley Kirscher, Esq. (#318528)
                                          Attorney for the Plaintiff
                                          2489 Rice Street
                                          Suite 75
                                          Roseville, MN 55113
                                          Phone: (651) 209-8440
                                          Fax:    (866) 880-6386